UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.   CR05-182 MJP |
| v. | ) | |
| YVETTE R. BAILEY, | ) | DETENTION ORDER |
| True name: Fahtima Schneiver, | ) | |
| Defendant. | ) | |

Offense charged:    Conspiracy to Utter Fictitious Instruments, in violation of Title 18, U.S.C., Section 514(a)(2).

Date of Detention Hearing: May 13, 2005.

The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Vince Lombardi.  The defendant was represented by Peter Mair.

The Government argued for detention, asserting that the defendant has an extensive criminal history, including multiple failures to appear. Further supporting its motion, the Government stated the defendant has outstanding warrants and four to five alias names. The

DETENTION ORDER
PAGE -1-

Government expressed concern as to the nature of the instant offense in which the conspiracy spans multiple jurisdictions.

Finally, the Government reported that the defendant's criminal history included being out of compliance with her recent drug treatment program; that she did not show up for counseling and, after being mirandized, stated that she had in fact been using drugs. The Government maintained that the defendant poses a significant flight risk and therefore needs to be detained.

The defense argued for the defendant's release, however, concurring that her criminal history is impressive. The defense believed that the defendant's addiction to crack cocaine should be factored in as her drug use has driven the series of crimes. The defense notes that the defendant is not currently using illegal substances. Additionally, the defense asserts that the instant offense is not the type of charge that demands detention. The defense further stated that the defendant has significant ties to the community; she is the mother of two children and her father, whom she wishes to repair her relationship with, owns the home where she resides with her children and her aunt. The defense also noted that the defendant's father is an assistant chief of police of Seattle.

The defense denies that the defendant was out of compliance with her drug treatment program, asserting that she was very active in the program. The defendant made a statement to the Court, expressing a wish to get her life back together.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The defendant has an extensive criminal history. Government records indicate that the defendant is a career criminal, having numerous criminal offenses which date back to 1985. The criminal history includes outstanding bench warrants in multiple states and several failures to

        comply, which indicate the defendant to be a risk of non-appearance in this instant offense.

(2) Additionally supporting the risk of non-appearance, the defendant is reportedly associated with at least fifteen alias names, seven alias dates of birth, and eight alias social security numbers. This, in combination with the defendant's apparent substance abuse problems, compels the Court to view the defendant as a risk of flight.

(2) Due to the nature and seriousness of the crime alleged, paired with the defendant's criminal history, release of the defendant would pose a risk to the community.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States,

DETENTION ORDER
PAGE -3-

to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 18th day of May, 2005.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-